# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Dog-a-holics, Inc., an Illinois Corporation, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Dogaholicks Rescue, Inc., an Indiana non-profit corporation, )<br><br>Defendant. ) | Civil Action No. _____<br><br>Judge _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECLARATORY JUDGMENT** |

Plaintiff Dog-a-holics, Inc., by its attorneys, Barnes & Thornburg LLP, for its complaint against defendant, Dogaholicks Rescue, Inc. alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff Dog-a-holics, Inc. (hereafter "Dog-a-holics") has been providing online retail pet care services and products, including, but not limited to, pet walking, pet bathing, pet grooming, pet day-care, pet products, pet owner-oriented educational and community development services, including, but not limited to pet training, pet exercise and pet adoption since at least as early as 2006.

2.      On information and belief, since at least early 2016, Defendant (hereafter "Rescue") has been advertising and offering pet-related services including, but not limited to, pet adoption and in-house dog training and dog grooming ("Infringing Activities").

3.      Dog-a-holics therefore brings this complaint for infringement of its federally registered Dog-a-holics marks under Section 32(1) of the Trademark Act of 1946, (the "Lanham Act"), 15 U.S.C. §1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C.

§1125(a); and trademark infringement, unfair competition and unfair business practices in violation of the state and common laws of the State of Illinois, including Uniform Deceptive Trade Practices Act, 815 ILCS §510. Dog-a-holics requests that Defendant and all those acting in active concert or participation with it be permanently enjoined and restrained from its Infringing Activities.

## PARTIES

4.      Plaintiff Dog-a-holics, Inc. is a corporation organized and existing under the laws of the State of Illinois with the principal place of business at 3608 N. Southport Avenue, Chicago, Illinois. Dog-a-holics, Inc. is the owner of Dog-a-holics and Dogaholics brands and trademarks (hereafter collectively "Dogaholics Marks" or "Dog-a-holics Marks").

5.      Upon information and belief, Defendant Dogaholicks Rescue, Inc. is an Indiana non-profit corporation with the principal place of business at 1018 Devonshire Lane, Dyer, Indiana 46311. Upon information and belief, Defendant does business in at least both Indiana and Illinois. It advertises as serving "bordering Illinois communities" and its registered President resides in Illinois. Further, the impact of its Infringing Activities on Dog-a-holics, Inc. has been in Illinois.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the subject matter of this action pursuant to §39 of the Trademark Act of 1946 (the 'Lanham Act"), 15 U.S.C. §1121, §2201 of the Declaratory Judgment Act, 28 U.S.C. §2201, and under the Judicial Code, 28 U.S.C. §§1331, 1338(a) and 1338(b). The Court has supplemental jurisdiction over the state law claims under §1367(a) of the Judicial Code, 28 U.S.C. §1367(a).

7.      The Court has personal jurisdiction over the corporate Defendant under 735 ILCS §5/2-209(a)(1) because Defendant is transacting business in this state that concerns or relates to

2

the use of the Dog-a-holics marks in this state and in this district. Further, pursuant to 735 ILCS 5/2 209(b)(4), personal jurisdiction is appropriate because Defendant is a company doing business within this state and the Infringing Activities of Defendant are causing injury to Plaintiff in this district.

8.      Venue arises under 28 U.S.C. §§1391(c) and (d) because the corporate Defendant is deemed to reside in this judicial district, which has personal jurisdiction over it for purposes of this Civil Action as established in Paragraph 7 above.

9.      This Court is authorized to enter the declaratory relief sought in this Complaint because an actual case and controversy is presented and is within this Court's jurisdiction, as set forth in Paragraphs 1-8 above.

FACTS COMMON TO ALL COUNTS

**A. Dog-a-holics' Products and Trademark**

10.     In addition to the common law rights of the Dog-a-holics marks owned by Dog-a-holics as a result of it use of the marks, Dog-a-holics is the owner of the following U.S. Registrations:

(a)     Dogaholics – Registration No. 4793968 – for pet care services, for pet walking, pet bathing and pet grooming.

(b)     Dogaholics – Registration No. 4793967 – for pet daycare services.

(c)     Dogaholics – Registration No. 4793964 – for online retail pet store services and retail pet store services featuring pet products and pet services.

(d)     Dogaholics – Registration No. 4789831 – for pet training services, pet exercise and pet owner-oriented educational and community development services, including pet care, ownership and pet adoption.

3

(e)     Dog-a-holics – Registration No. 4264253 – for online retail services for pet products and pet services.

(f)     Dog-a-holics – Registration No. 4363348 – for dog training and exercise services and educational and community development services, including dog care, ownership and dog adoption.

(g)     Dog-a-holics – Registration No. 3263147 – for retail store services for dog products.

11.     These registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065 and serve as conclusive evidence of Dog-a-holics' ownership of the Dog-a-holics marks and of its exclusive right to use the marks in connection with the noted categories, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(d). A printout from the official database of the United States patent and Trademark Office showing status and title of the registration is attached as Exhibit A.

12.     Dog-a-holics marks are vital to Dog-a-holics and Dog-a-holics has suffered and will continue to suffer irreparable harm if Defendant is permitted to use its marks in connection with its dog rescue business as such use falsely suggests to consumers a connection with Dog-a-holics, Inc. and its dog-related products. Further, the public has been and will continue to be misled and confused.

**B. Defendant's Unlawful Use of the Dog-a-holics' Marks.**

13.     Defendant's Infringing Activities as set forth in paragraphs 2 and 5 above have caused and will continue to cause consumer confusion and irreparable harm to Dog-a-holics, including by damaging the value of its trademarks and brand, and injuring its goodwill and reputation by associating its brand with Defendant's activities over which it exercises no control.

Such activities will greatly injure the value of its Dog-a-holics marks and the ability of the marks, as used in connection with dog-related products and services to indicate they are emanating exclusively from Dog-a-holics, Inc.

14.     Defendant's Infringing Activities in connection with its products and services have caused and will continue to cause irreparable harm to the business and goodwill of Dog-a-holics, Inc. unless restrained by this Court.

15.     In order to resolve the parties' dispute in connection with the Infringing Activities, Dog-a-holics brings this action for trademark infringement and unfair competition under federal, state and common law seeking an injunction against the use of its marks for any dog related products or services.

16.     Dog-a-holics also seeks a declaratory judgment pursuant to 28 U.S.C. §2201 for judicial declarations that any use of its marks in any form in connection with Infringing Activities would constitute (i) infringement of it rights in the registered marks, (ii) unfair competition with it, and (iii) unfair competition and unfair business practices under Illinois statutory and common law.

17.     Dog-a-holics has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under Section 32(1) of the Lanham Act**

18.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 17 above as if fully set forth herein.

19.     Defendant is conducting Infringing Activities in the same channels of trade as Dog-a-holics. Defendant's "Dogaholicks Rescue" mark is identical or practically identical to Dog-a-holics' federally registered marks, is being used in connection with products and/or services that are highly related and complementary to Dog-a-holics' products and/or services

sold under its marks, and are being marketed and advertised to Dog-a-holics' actual or prospective customers.

20.     Defendant's Infringing Activities have caused and are likely to continue to cause confusion, or to cause mistake or to deceive consumers and the public as to the source or sponsorship of the Infringing Activities. Consumers are likely to be misled into believing that Defendant's Infringing Activities are sponsored or otherwise approved by Dog-a-holics.

21.     At least since February 2016, Defendant was on both actual and constructive notice of Dog-a-holics' exclusive rights in its marks for dog-related products and services sold through the same channels. Defendant's actions are in bad faith, with full knowledge of Plaintiff's prior use of, exclusive rights in and ownership of the Dog-a-holics marks in such trade channels, and with full knowledge of the goodwill and reputation associated with those marks, with full knowledge that Defendant has no established right, license or authority to use those marks in connection with its Infringing Activities.

22.     Defendant's conduct has caused and is causing immediate and irreparable injury to Dog-a-holics and will continue to both damage Dog-a-holics and deceive the public unless enjoined by this Court. Dog-a-holics has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act

23.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 22 above as if fully set forth herein.

24.     Defendant's knowing and intentional Infringing Activities under a mark identical to Dog-a-holics' federally registered marks has caused and is likely to continue to cause consumers to believe that Defendant's Infringing Activities are sponsored by, associated with, authorized by, endorsed by, or otherwise connected with Dog-a-holics. Defendant's actions

6

constitute unfair competition in violation of Section 43(a) of the Lanham Act, 14 U.S.C.

§1125(a)

25.     Defendant's conduct has caused and is causing immediate and irreparable injury to Dog-a-holics and will continue to both damage Dog-a-holics and deceive the public unless enjoined by this Court. Dog-a-holics has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**Declaratory Judgment**
**(Trademark Infringement Under Section 32(1) of the Lanham Act)**

26.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27.     Defendant's use of the Dog-a-holics marks in connection with its Infringing Activities is likely to cause confusion, or to cause mistake or to deceive consumers and the public as to the source or sponsorship of the Infringing Activities. Consumers are likely to be misled into believing that such Infringing Activities are licensed, sponsored or otherwise approved by Dog-a-holics. Such confusion is inevitable here where Defendant would be using a mark that is identical or practically identical to Dog-a-holics' marks for use in connection with dog products and/or services that are highly related and complementary to Dog-a-holics' marks for dog-related products and services through channels of trade that are identical to its channels of trade for its dog-related products and services.

28.     Upon information and belief, Defendant's actions are in bad faith, with full knowledge of plaintiff's prior use of, exclusive rights in and ownership of the Dog-a-holics marks in the same trade channels, with full knowledge of the goodwill and reputation associated with those marks and with full knowledge that the Defendant has no established right, license or authority to use those marks.

7

29.     Defendant's actual and intended conduct will cause immediate irreparable injury to Dog-a-holics and will both damage Dog-a-holics and deceive the public unless such conduct is enjoined by this Court.  Dog-a-holics has no adequate remedy at law.

30.     An actual case and live controversy has arisen and currently exists between the Parties as to whether use of the Dog-a-holics marks in connection with the Infringing Activities will constitute trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

31.     Dog-a-holics seeks a judicial declaration that use of the Dog-a-holics marks in connection with any of the Infringing Activities by Defendant, will constitute trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

32.     Pursuant to 28 U.S.C. §2201, Dog-a-holics is entitled to a declaratory judgment. The Dog-a-holics marks, if used in connection with any of the Infringing Activities by Defendant will constitute trademark infringement of those marks under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

### FOURTH CLAIM FOR RELIEF
### Declaratory Judgment
### (Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act)

33.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.     Defendant's Infringing Activities are likely to cause consumers to believe that Defendant's Infringing Activities are sponsored by, associated with, authorized by, endorsed by, or otherwise connected with Dog-a-holics.

35.     The use of Dog-a-holics' marks in connection with any of the Infringing Activities would constitute unfair competition.  As a result of Defendant's aforesaid conduct, the public is likely to believe that Defendant's Infringing Activities are affiliated, connected or

8

associated with and/or authorized by Dog-a-holics when they are not, placing Dog-a-holics' reputation in Defendant's hands.

36.     By reason of the actual and intended wrongful acts of Defendants alleged herein, Dog-a-holics will suffer irreparable damage and the public will be deceived and harmed unless such acts are permanently enjoined by this Court. Dog-a-holics has no adequate remedy at law.

37.     An actual and live controversy has arisen and currently exists between the Parties as to whether the use of the Dog-a-holics marks in connection with the Infringing Activities will constitute unfair competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

38.     Dog-a-holics seeks a judicial declaration that use of the Dog-a-holics marks in connection with any of the Infringing Activities by Defendant will constitute unfair competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

39.     Pursuant to 28 U.S.C. §2201, Dog-a-holics is entitled to its declaratory judgment that the Dog-a-holics marks if used in connection with any of the Infringing Activities by Defendant will constitute unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition and Unfair Practices Contrary to the**
**State and Common Laws of the State of Illinois)**

40.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 39 as if fully set forth herein.

41.     By its prior and planned acts alleged herein, Defendant did and intends to continue to falsely misrepresent its Infringing Activities as being otherwise associated with Dog-a-holics. As such, Defendant is engaging in a course of unfair competition and deceptive trade practices in violation of the statutory (Uniform Deceptive Trade Practices Act, 815 ILCS §510) and common law of the State of Illinois.

42.     Defendant's Infringing Activities have caused and are likely to continue to cause confusion with Dog-a-holics' dog-related products and services under the Dog-a-holics marks that have been previously sold through identical trade channels.

43.     By reason of the actual and intended wrongful acts of Defendant alleged herein, Dog-a-holics has suffered and will continue to suffer irreparable damage unless such acts are permanently enjoined by this Court. Dog-a-holics has no adequate remedy at law.

44.     Dog-a-holics requests that this Court permanently restrain Defendant and its Infringing Activities as violations of the Uniform Deceptive Trade Practices Act, 815 ILCS §510 and the common law of the State of Illinois.

45.     An actual case and live controversy has arisen and currently exists between the Parties as to whether the use of the Dog-a-holics marks in connection with the Infringing Activities constitutes a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS §510 and the common law of the State of Illinois.

46.     Dog-a-holics seeks a judicial declaration that use of the Dog-a-holics marks in connection with any of the Infringing Activities will constitute a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS §510 and the common law of the State of Illinois.

47.     Pursuant to 28 U.S.C. §2201, Dog-a-holics is entitled to a declaratory judgment that the Dog-a-holics marks, if used in connection with the Infringing Activities, will constitute a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS §510 and the common law of the State of Illinois.

## **PRAYER FOR RELIEF**

WHEREFORE, Dog-a-holics, Inc. respectfully demands judgment against Defendant Dogaholicks Rescue, Inc. as follows:

1.     That a permanent injunction be issued enjoining Defendant, and any companies owned or controlled by Defendant, and its officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns of any such companies, and all those persons in active concert or participation with them, from:

     (a)     using or approving the use of Dog-a-holics marks along, with or as part of a design element, on or in connection with any Infringing Activities including, but not limited to, dog rescue or adoption services or products or dog grooming services or products.

     (b)     using any representation of Dog-a-holics marks or performing any act that can, or is likely to, lead members of the trade or public to believe that Defendant or its products or services are sponsored by, associated with, authorized by, endorsed by, or otherwise connected with Dog-a-holics, Inc.

     (c)     engaging in any other activities constituting unfair competition with Dog-a-holics or constituting infringement of the Dog-a-holics marks.

     (d)     instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to as subparagraphs (a) through (c) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (c) above.

2.     Directing that Defendant, at its own expense, immediately recall its entire inventory of products and any other goods or materials bearing any of the Dog-a-holics marks.

3.     Directing that Defendant, at its own expense, take down, omit, wipe, erase or otherwise destroy or discontinue use of all social media, Internet, Facebook, DotCom or other

use of any Dog-a-holics marks and further that it immediately and forever discontinue any use of the name or term "Dogaholics Rescue" or the terms "Dog-a-holics" or "Dog-a-holicks" or any similar variation thereof for any purpose or directing any such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product or service circulated or promoted by Defendant is associated with Dog-a-holics or in any way related to Dog-a-holics or the Defendants are otherwise affiliated with Dog-a-holics.

4.      Declaring that Defendants' Infringing Activities would constitute infringement of Dog-a-holics registered marks under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

5.      Declaring that Defendant's use of Infringing Activities would constitute unfair competition with Dog-a-holics under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

6.      Declaring that Defendant's use of Dog-a-holics marks in connection with its Infringing Activities is an unlawful and deceptive practice in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS §510 and the common law of the State of Illinois.

7.      Directing that Defendant individually and any of its officers, agents, privies, principals, directors, servants, attorneys, employees, any companies owned or controlled by Defendant now or in the future, and each of its affiliates, successors and assigns, and all those in active concert or participation with any of them who receive notice directly or otherwise, be permanently enjoined and restrained from:

(a)      using, licensing or registering Dog-a-holics marks or any mark that consists of or includes the term Dogaholics, Dog-aholics, Dogaholicks (or any similar variation thereof) as a trademark or service mark in connection with the advertising,

offering for sale or sale of any goods or based on any Infringing Activities with respect to any dog related product or service;

(b)     referring to or using any name or mark that includes the term Dogaholics, Dog-aholic, Dog-aholicks or any similar variation thereof;

(c)     assisting any third party or requesting any third party to undertake the actions prohibited in subparagraph (a) and (b) above.

8.      Directing Defendant to file with the Court and serve upon Plaintiff's counsel within 30 days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the Court's order.

9.      Awarding Plaintiff its actual damages, appropriate statutory damages and appropriate treble damages and/or punitive damages, authorized by law.

10.     Awarding Plaintiff its costs, disbursements and attorney's fees incurred in this matter, as provided by law, including but not limited to 15 U.S.C. §1117 and 815 ILCS §510.

11.     Granting Plaintiff such other and further relief as the Court may deem just and proper to prevent the public from being deceived as to the relationship between Defendant and Plaintiff and to prevent Defendant from misappropriating the reputation and goodwill of Plaintiff and Plaintiff's products and services.

13

## JURY DEMAND

Plaintiff hereby demands trial by jury on all triable issues of fact.

DATED: _C/23/16_               BARNES & THORNBURG, LLP

By: _____
Daniel P. Albers
Attorneys for Plaintiff, Dog-a-holics, Inc.

Daniel P. Albers (ARDC #6185037)
BARNES & THORNBURG LLP
One N. Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313
dalbers@btlaw.com

DMS 3985590v1

14



## United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]  **Record 1 out of 7**

TSDR | ASSIGN Status | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# DOGAHOLICS

| | |
|---|---|
| **Word Mark** | DOGAHOLICS |
| **Goods and Services** | IC 044. US 100 101. G & S: pet care services, namely, pet walking, pet bathing and pet grooming. FIRST USE: 20141115. FIRST USE IN COMMERCE: 20141120 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86485034 |
| **Filing Date** | December 18, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 2, 2015 |
| **Registration Number** | 4793968 |
| **Registration Date** | August 18, 2015 |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |
| **Attorney of Record** | Grant H. Peters |
| **Prior Registrations** | 3263147;4264253;4363348 |



EXHIBIT

*A*

| | |
|---|---|
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



## United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [          ]   OR   Jump   to record: [          ]   **Record 2 out of 7**

TSDR | ASSIGN Status | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# DOGAHOLICS

| | |
|---|---|
| **Word Mark** | DOGAHOLICS |
| **Goods and Services** | IC 043. US 100 101. G & S: pet services, namely, pet daycare services. FIRST USE: 20141115. FIRST USE IN COMMERCE: 20141120 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86485025 |
| **Filing Date** | December 18, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 2, 2015 |
| **Registration Number** | 4793967 |
| **Registration Date** | August 18, 2015 |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |
| **Attorney of Record** | Grant H. Peters |
| **Prior Registrations** | 3263147;4264253;4363348 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |

**Live/Dead Indicator**    LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



## United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [      ] OR Jump | to record: [      ] **Record 3 out of 7**

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# DOGAHOLICS

| | |
|---|---|
| **Word Mark** | **DOGAHOLICS** |
| **Goods and Services** | IC 035. US 100 101 102. G & S: on-line retail pet store services and retail pet store services featuring pet products and pet services. FIRST USE: 20141115. FIRST USE IN COMMERCE: 20141120 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86485016 |
| **Filing Date** | December 18, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 2, 2015 |
| **Registration Number** | 4793964 |
| **Registration Date** | August 18, 2015 |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |

Case: 1:16-cv-06366 Document #: 1 Filed: 06/23/16 Page 20 of 29 PageID #:20

| | |
|---|---|
| **Attorney of Record** | Grant H. Peters |
| **Prior Registrations** | 3263147;4264253;4363348 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |





**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [        ] OR Jump | to record: [        ] **Record 4 out of 7**

---

TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# DOGAHOLICS

| | |
|---|---|
| **Word Mark** | **DOGAHOLICS** |
| **Goods and Services** | IC 041. US 100 101 107. G & S: pet services, namely, pet training services, pet exercise services, and pet owner-oriented educational and community development services, namely, providing written materials, conducting seminars, and workshops in the fields of pet care, pet ownership, and pet adoption. FIRST USE: 20141115. FIRST USE IN COMMERCE: 20141120 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 86485020 |
| **Filing Date** | December 18, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 26, 2015 |
| **Registration Number** | 4789831 |
| | August 11, 2015 |

| | |
|---|---|
| **Registration Date** | |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |
| **Attorney of Record** | Grant H. Peters |
| **Prior Registrations** | 3263147;4264253;4363348 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM

HELP

Logout | *Please logout when you are done to release system resources allocated for you.*

Start | List At: [ ] OR Jump to record: [ ]

# 3 Records(s) found (This page: 1 ~ 3)

**Refine Search** (dog-a-hol*)[ALL]    Submit

**Current Search: S2:** (dog-a-hol*)[ALL] docs: 3 occ: 6

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 85619835 | 4264253 | DOG-A-HOLICS | TSDR | LIVE |
| 2 | 85619829 | 4363348 | DOG-A-HOLICS | TSDR | LIVE |
| 3 | 78812004 | 3263147 | DOG-A-HOLICS | TSDR | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | TOP

HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



## United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| Logout | Please logout when you are done to release system resources allocated for you.

| Start | List At: [          ] OR | Jump | to record: [          ] **Record 1 out of 3**

| TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# DOG-A-HOLICS

| | |
|---|---|
| **Word Mark** | DOG-A-HOLICS |
| **Goods and Services** | IC 035. US 100 101 102. G & S: On-line retail store services featuring pet products and pet services. FIRST USE: 20051222. FIRST USE IN COMMERCE: 20060330 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85619835 |
| **Filing Date** | May 8, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 9, 2012 |
| **Registration Number** | 4264253 |
| **Registration Date** | December 25, 2012 |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |
| **Attorney of Record** | Grant H. Peters |
| **Prior Registrations** | 3263147 |
| **Type of Mark** | SERVICE MARK |

**Register**      PRINCIPAL
**Live/Dead Indicator**      LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Mon Feb 8 03:21:01 EST 2016

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [      ]  OR  Jump  to record: [      ]  **Record 2 out of 3**

TSDR  Assign Status  TTAB Status  ( Use the "Back" button of the Internet Browser to return to TESS)

# DOG-A-HOLICS

| | |
|---|---|
| **Word Mark** | DOG-A-HOLICS |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Dog services, namely, dog training services, dog exercise services, and dog owner-oriented educational and community development services, namely, conducting seminars and workshops in the fields of dog care, dog ownership, and dog adoption. FIRST USE: 20060401. FIRST USE IN COMMERCE: 20070703 |
| | IC 043. US 100 101. G & S: Dog services, namely, dog daycare services. FIRST USE: 20060401. FIRST USE IN COMMERCE: 20070703 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85619829 |
| **Filing Date** | May 8, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 23, 2013 |
| | 4363348 |

| | |
|---|---|
| **Registration Number** | |
| **Registration Date** | July 9, 2013 |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |
| **Attorney of Record** | Grant H. Peters |
| **Prior Registrations** | 3263147;4264253 |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



## United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Feb 8 03:21:01 EST 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout    Please logout when you are done to release system resources allocated for you.

Start    List At: [        ]    OR   Jump   to record: [        ]    **Record 3 out of 3**

TSDR    Assign Status    TTAB Status    ( Use the "Back" button of the Internet Browser to return to TESS)

# DOG-A-HOLICS

| | |
|---|---|
| **Word Mark** | DOG-A-HOLICS |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store services featuring dog leashes, dog bowls, dog clothing and apparel, dog beds, dog collars, dog treats, and dog food. FIRST USE: 20060301. FIRST USE IN COMMERCE: 20060301 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78812004 |
| **Filing Date** | February 10, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | October 3, 2006 |
| **Registration Number** | 3263147 |
| **Registration Date** | July 10, 2007 |
| **Owner** | (REGISTRANT) Dog-a-holics, Inc. CORPORATION ILLINOIS 3657 N. Southport Chicago ILLINOIS 60613 |

| | |
|---|---|
| **Attorney of Record** | Grant H. Peters |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY